UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES CALLOWAY, individually and as
representative of a class of former Caraco employees,

            Plaintiff,

    v.                                     Case No. 2:11-cv-15465
                                             Honorable Julian Abele Cook, Jr.

CARACO PHARMACEUTICAL LABORATORIES,
LTD.,

            Defendant.


ORDER

      The Plaintiff, James Calloway, initiated this action against the Defendant, Caraco

Pharmaceutical Laboratories, Ltd. (Caraco), alleging violations of the Worker Adjustment and

Retraining Notification ("WARN") Act, 29 U.S.C. § 2102. Currently pending is Calloway's motion

for class certification (ECF 15), in which he seeks (1) a certification of this lawsuit as a class action,

(2) the appointment of the Kelman Loria, PLLC law firm as the class counsel, and (3) the approval

of a proffered Notice of Class Action. The Defendant, Caraco, does not oppose this motion.

I.

      Calloway alleges that Caraco, following a directive from a federal Food and Drug

Administration (FDA) order to shut down its facilities, laid off more than 300 hourly and salaried

personnel who had been employed at two work facilities in the metropolitan Detroit area between

June 25th and September 3rd of 2009. Caraco acknowledges having made these layoffs as a result

1

of the action by the FDA. (Def. Answer at ¶ 7-8, 10-11, 14.) However, Calloway alleges that Caraco

did not give written notice of the layoffs  – all but 22 of which occurred by July 7, 2009, and the

remainder having occurred on or before September 3, 2009 – to the employees or their union

bargaining representatives until July 6, 2009.

On this issue, Calloway asserts this failure constituted a violation of the WARN Act, which

requires layoffs to be preceded by a written notice of 60 days. 29 U.S.C. § 2102.  The record in this

cause suggests that some of the laid off employees appear to have waived their right to sue Caraco.

Of those persons who were laid off, approximately 22 of them signed releases of all claims against

their now-former employer. An additional 109 individuals signed an "Authorization and

Understanding" form which limited their ability to file claims against Caraco for a period of six

months following the termination of their employment. Of the remaining former employees, 72

signed an "Authorization and Understanding" form as part of their original job application that

included an arbitration agreement - the validity of which Calloway disputes - and 97 did not sign

any of the three forms.

## II.

In support of this motion for class certification, Calloway argues that the requirements of

Federal Rule of Civil Procedure 23(a) and (b)(3) can be satisfied. Calloway and Caraco jointly

submit the two proposed sub-classes:

> (1)      Employees who were terminated between June 25 and September 3, 2009
> from a facility of Defendant at which there were at least 50 layoffs without 60 days
> notice and who a) had not signed an "Authorization and Understanding" as part of
> their employment application that contained either an arbitration agreement or a
> six-month statute of limitations, and b) did not sign a release of claims following
> termination.

> (2)      Employees who were terminated between June 25 and September 3, 2009

2

from a facility of Defendant at which there were at least 50 layoffs without 60 days notice and who a) had previously signed an "Authorization and Understanding" as part of their application that contained an arbitration agreement but no six-month statute of limitations, and b) did not sign a release of claims following termination.

Federal Rule of Civil Procedure 23(c)(5) allows that " a class may be divided into subclasses that are each treated as a class under this rule." District courts have "broad discretion" to "divide a class action into subclasses." *Randleman v. Fid. Nat'l Title Ins. Co.*, 646 F.3d 347, 355 (6th Cir. 2011). A litigant who seeks class action certification must meet the requirements of Federal Rule of Civil Procedure 23(a) and one of 23(b)(1)-(3). The Court will now address these Federal Rules of Civil Procedure.

## A.

The plaintiff bears the burden of "establish[ing] his right" to class certification. *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007). A proposed class must meet four prerequisites before being certified as a class; namely,  (1) the proposed class is "so numerous that joinder of all members is impractical;" (2)"there are questions of law or fact common to the class;" (3) "the claims . . . of the representative parties are typical of the claims . . . of the class;" and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

The first prerequisite (i.e., numerosity) is that the proposed class is "so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no "strict numerical test" that must be met for a class to be certified. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523, n.24 (6th Cir. 1976). The requirement can be satisfied with a class size as low as 35 people. See *Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (finding class sufficiently numerous at 35); *Ham v. Swift Transp. Co., Inc.*, 275 F.R.D. 475, 483 (W.D. Tenn. 2011) ("Where the number of class members exceeds forty, Rule 23(a)(1) is generally deemed satisfied."); *Kizer v. Summit*

*Partners, L.P.*, 1:11-CV-38, 2012 WL 1598066 (E.D. Tenn. May 7, 2012) ("In the WARN Act context, several courts have found that the numerosity requirement was satisfied when at least 50 employees were in the class."). Relevant factors beyond the number of people in the class can affect the practicality of class certification: "judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, size of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Ham*, 275 F.R.D. at 483.

Here, the two proposed subclasses satisfy the numerosity requirement. The first subclass will have approximately 97 members, and the second sub-class will have approximately 72 members. Each group is well above the approximately 35 members that are sufficient to constitute a class within this Circuit.  Thus, Calloway satisfies the numerosity and practicality requirement.

The second prerequisite (i.e., commonality) is that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The relevant inquiry in this instance is whether a class action will "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011); see also *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) ("What we are looking for is a common issue the resolution of which will advance the litigation."). A class action may still be permissible even if "questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

Here, Calloway argues that the dispositive issue will be whether it was reasonably foreseeable that the FDA would order Caraco to shut down. Caraco has already admitted to mass layoffs because of the FDA action without giving the required statutory notice. (Def. Answer, at ¶

4

7-8, 10-11, 14).  Caraco submits that it was not reasonably foreseeable that the FDA would issue a directive which would result in the closure of its facilities. (Pl. Mot. to Certify Class Action, ¶ 3). Thus, the issue of whether the shutdown was reasonably foreseeable would "drive the resolution" of each potential class member's case appears to be common to the class. The specific questions of each claimant's rate of pay, medical expenses, and date of termination - while important to each individual - are comparatively minor and insufficient to defeat the overall commonality requirement.

The third prerequisite (i.e., typicality) is that "the claims . . . of the representative parties are typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). The representative party has a claim that is typical of the claims of the class when the class representative is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156, (1982); see also *Sprague*, 133 F.3d at 399 (This third prerequisite is satisfied when "the representative's interests [are] aligned with those of the represented group, and in pursing his own claims, the named plaintiff will also advance the interests of the class members."). Typicality also requires that the representative party and the rest of the class to proceed under the same legal theory. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Here, Calloway claims to have suffered the same injury as the other potential class members; namely, Caraco terminated them in violation of the WARN Act by not giving them a 60 day notice before termination. Thus, Calloway meets this typicality requirement.

The fourth prerequisite (i,e,  adequacy) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The purpose of the adequacy requirement is to "uncover conflicts of interest between named parties and the class they seek to represent." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 429 (6th Cir. 2012).

5

Adequacy requires that "(1) the representative [has] common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1083 (internal citations omitted).

Here, the record in this cause suggests that Calloway does not have any conflict of interests with any of other known members of has common interests, and no conflict of interest, with the rest of the class because all of them seek relief under the WARN Act, as demonstrated in the typicality analysis. Furthermore, it appears that the recommended counsel is qualified to pursue the interests of the class.

### B.

After the prerequisites found in Federal Rule of Civil Procedure 23(a) are satisfied, there are three ways in which to maintain a class action. Fed. R. Civ. P. 23(b). Here, Calloway seeks the third type, namely,  a 23(b)(3) class action certification which requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance requirement of Rule 23(b)(3) is met if a single factual or legal question is "at the heart of the litigation." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007); see also *Beattie*, 511 F.3d at 564 (plaintiff satisfies  predominance requirement when it "establish[es] that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof.") (internal quotations and citations omitted). Class certification is especially

appropriate when a plaintiff alleges "a single course of wrongful conduct." *Powers*, 501 F.3d at 619.

Common facts and issues predominate and Calloway alleges a single course of wrongful conduct here. Each potential claimant was terminated from employment with Caraco around the same time. Each potential class member's claim is that the termination was in violation of the 60 day notice requirement of the WARN Act. The question "at the heart of the litigation" for every claimant is whether it was reasonably foreseeable that the FDA would close down Caraco. Thus, the predominance requirement is met.

The superiority requirement of Rule 23(b)(3) is met if the class action is a better way  than individual litigation to adjudicate a claim. *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006). A class action is superior particularly in those situations in which  it "vindicat[es] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997). A class action is superior here. No other member of the class has brought a WARN claim and there is no indication that any class member wants to individually control his or her own separate action. Calloway argues - without dispute that the limits on damages under the WARN Act make it economically infeasible for individuals to file their own cases; a class action would give claimants the "effective strength" to bring their claim to court. Thus, the superiority requirement is met, and the Court certifies the class under Rule 23(b)(3).

### III.

Calloway further argues that having certified the class, this Court should appoint Kelman Loria, PLLC as class counsel. When a court certifies a class, the court "must appoint class counsel." Fed. R. Civ. P. 23(g). Rule 23(g)(1)(A) lists four factors that a court must consider when appointing

class counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class[.]"

Here, proposed counsel, Kelman Loria, PLLC, has already investigated potential claims in this action. It has initiated discovery, identified possible members of the class, and obtained the last known contact information from Caraco. Second, Calloway claims, without opposition from Caraco, that Kelman Loria, PLLC has experience handling class action and other complex employment cases. Third, Calloway contends, without opposition, that Kelman Loria, PLLC is familiar with this area of law. Fourth, Calloway claims - and this Court expects - that Kelman Loria, PLLC is committed to providing the resources necessary to vigorously represent the class. Thus, the Court appoints Kelman Loria, PLLC as class counsel in this case.

IV

Finally, Calloway argues this Court should approve the proposed Notice of Class Action. After a class is certified, the court must "direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state in understandable language (1) the nature of the action, (2) the definition of the class, (3) the claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if he or she so desires, (5) that any class member who wants to be excluded will be excluded by the court, (6) when and how to request exclusion, and (7) the binding effect of class judgment on members. Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

Calloway and Caraco agree on the proposed language within the recommended Notice of

8

Class Action  Their proposed notice meets the requirements of Rule 23(c)(2). First, it states the nature of the action, explaining that Calloway is seeking relief for violation of the WARN Act. Second, it defines the two sub-classes. Third, it identifies the issue (i.e., Calloway and other similarly situated employees were terminated in 2009 in violation of specific WARN Act requirements) and clearly explains all four of Caraco's affirmative defenses. Fourth, it explains that a class member "may appear by [his or her] own counsel." Fifth, it states that those class members, who do not desire to become a member of the class can be excluded. Sixth, it explains that to be excluded a potential class member must "complete the form below and mail [it] . . . to Kelman Loria." Seventh, it states that "a class member [is] bound by any judgment (whether favorable or unfavorable)." Having met the requirements of Rule 23(c)(2)(B), the Court directs this Notice of Class Action to be sent to class members.

V.

For the reasons stated above, the Court grants the motion to certify class (ECF 15):

    (1)    Certifies the following two sub-classes:

        (A)    Employees who were terminated between June 25 and September 3, 2009 from a facility of Defendant at which there were at least 50 layoffs without 60 days notice and who a) had not signed an "Authorization and Understanding" as part of their employment application that contained either an arbitration agreement or a six-month statute of limitations, and b) did not sign a release of claims following termination.

        (B)    Employees who were terminated between June 25 and September 3, 2009 from a facility of Defendant at which there were at least 50 layoffs without 60 days notice and who a) had previously signed an "Authorization and Understanding" as part of their application that contained an arbitration agreement but no six-month statute of limitations, and b) did not sign a release of claims following termination

.

9

(2)     Appoints the law firm of  Kelman Loria, PLLC, as class counsel.

(3)     Directs the Notice of Class action, which has been agreed  upon by Calloway and Caraco as written in Defendant's Response Brief to be sent to class members.

IT IS SO ORDERED.

Date: August 17, 2012                                    s/Julian Abele Cook, Jr.
                                                         JULIAN ABELE COOK, JR.
                                                         U.S. District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 17, 2012.

                                                         s/ Kay Doaks
                                                         Case Manager

10